IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO:

ADIA SIMMONS On behalf of herself
And All Other Similarly Situated Individuals

      **Plaintiffs.**

V.                                                  **Class Action**
                                                       **Demand for Jury Trial**

TWIN 918 INC.,
EXECUTIVE MANAGEMENT &
CONSULTANTS INTERNATIONAL, LLC,
AND AKINYELE ADAMS

      **Defendants.**

_____/

## CLASS ACTION COMPLAINT AND JURY DEMAND

## I. SUMMARY

1. Defendants Twin 918 Inc., Executive Management & Consultants International, LLC, and individual Defendant Akinyele Adams (hereinafter "Defendants"), required Plaintiff Adia Simmons, (hereinafter "Plaintiff") to work as an exotic dancer at their adult entertainment club but refused to compensate her at the applicable minimum wage and the applicable overtime rate.

2. Specifically, Defendants misclassified dancers, including Plaintiff, as independent contractors. Plaintiff's only compensation was in the form of tips from club patrons, the club paid no wages. In fact, Defendants took money from Plaintiff under the premise that she "leased" space at the club. Plaintiff was also required to share her tips with Defendants and its employees who do not customarily receive tips outside of a valid tip pool.

1

3. As a result, Defendant failed to pay Plaintiff and all other members of the class and collective minimum wage and overtime compensation they were entitled to under the Federal Fair Labor Standards Act ("FLSA") and the Florida Minimum Wage Act ("FMWA").

4. Plaintiff brings this class and collective action against Defendant seeking damages, backpay, restitution, liquidated damages, prejudgment interest, reasonable attorney's fees and costs, and all other relief that the Court deems just, reasonable and equitable in the circumstances.

## II.   SUBJECT MATTER JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §216(b) and 28 U.S.C. §1331.

6. This Court also has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. §1367 because such claims do not raise novel or complex issues of state law, and because those claims derive from a common nucleus of operative facts from which the FLSA claims stated herein derive.

7. Venue is proper in the Southern District of Florida because a substantial portion of the events forming the basis of this suit occurred in this District, and Defendants operate an adult entertainment club that is located in this District.

## III.   PARTIES AND PERSONAL JURISDICTION

8. Plaintiff Adia Simmons is an individual residing in Arizona. She worked for Defendants in Miami, Florida for over one year in 2016 and 2017 on a consistent basis. She lived in Miami, Florida and was Defendants' employee. Her consent is attached hereto as Exhibit "A".

9. Opt-in Plaintiffs are current or former exotic dancers who have worked at Defendants' adult entertainment club within the applicable limitations period and will file a valid consent to join this suit with the Court.

10. The Rule 23 Class Members are all current and former exotic dancers who worked at Defendants' adult entertainment club at any time starting three years before this Complaint was filed, up to the present.

11. Twin 918 Inc. is a Florida for profit corporation believed to be doing business as V-Live Miami in Miami, Florida at the address 1330 Ocean Drive, Miami Beach, FL, 33139. Twin

918 Inc. may be served via its registered agent Executive Management & Consultants International, LLC at 777 NW 51st Street, Suite 116, Boca Raton, Florida, 33431.

12. Executive Management & Consultants International, LLC is a domestic limited liability company doing business in and headquartered in Florida. It may be served via its registered agent John Holder at 777 777 NW 51st Street, Suite 116, Boca Raton, Florida, 33431. Upon information and belief, Executive Management & Consultants International is a co-owner of V-Live Miami.

13. Akinyele Adams is the CEO of Twin 918 Inc. and a manager of Executive Management & Consultants International, LLC. He may be served at 820 Ocean Drive, Miami Beach, Florida, 33139. He may also be served at the physical address for V-Live at 1330 Ocean Drive, Miami Beach, FL, 33139 or wherever he may be found.

14. This Court has personal jurisdiction over Defendants because Defendants purposefully availed themselves of the privileges of conducting activities in the State of Florida and established minimum contacts sufficient to confer jurisdiction over said Defendants. The assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

15. Defendants have and continue to have systematic contacts with the State of Florida sufficient to establish general jurisdiction over them. Specifically, Defendants conduct and/or conducted business in Florida by operating a club in Miami. Defendants also employ workers and contract with residents and business in Florida.

16. This cause of action arose from or relates to the contacts of Defendants with Florida residents, thereby conferring specific jurisdiction over Defendants.

### IV. COVERAGE

17. At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

18. The Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

19. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

20. Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of $500,000.

21. Individual manager/owner Akinyele Adams is an employer under the FLSA because he, as the owner/general manager of the club, 1) has the power to hire and fire the dancers and other employees, 2) supervises and controls employee work schedules or conditions of employment, and 3) is the individual responsible for maintaining employment records.

22. At all material times, Plaintiff and FLSA Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

23. At all material times, Plaintiff and the Florida Class Members were employees of Defendants under the FMWA.

## V.  FACTS

24. Defendants operate an adult entertainment club in Miami, Florida under the name of "VLive Miami." ("The Club")

25. Defendants employ exotic dancers and have employed hundreds of dancers over the years at the Club.

26. Plaintiff was previously employed as an exotic dancer at Defendants' adult entertainment club during the statutory time period.

27. Plaintiff worked on a regular basis for Defendants' establishment located in Miami, Florida.

28. Plaintiff worked at the Club from January 2016 until December 2017.

29. Plaintiff worked between 7-10 hours per shift during her employment.

30. Plaintiff never received any wages during her employment with the club.

31. During at least one workweek between January 2016 and December 2017, Defendants did not pay Plaintiff the federally mandated minimum wage. As an illustrative

example, starting in the first week of January 2017 that she worked for Defendants as a dancer, and continuing until the end of her employment with the club, Plaintiff was not paid a minimum wage.

32. Plaintiff, regularly, but at least once during her employment with Defendants, worked over forty hours in one workweek. During at least one workweek between January 2016 and December 2017, Defendants did not pay Plaintiff the federally mandated overtime wage when she worked over 40 hours in that same week.

33. Plaintiff, FLSA Class Members, and Florida Class Members were classified by Defendants as independent contractors who "leased" the premises.

34. Plaintiff, FLSA collective action opt in Plaintiffs, and FMWA Class Members were compensated exclusively through tips from Defendants' customers. That is, Defendants did not pay them whatsoever for any hours worked at its establishment.

19. Furthermore, Defendants charged Plaintiff, FLSA Class Members, and Florida Class Members a "rental fee" per shift worked. In other words, they had to pay to work at the club and sometimes completed a full shift only to owe club money. This happened to Plaintiff at least once during her employment and actually happened regularly until the end of her employment at VLive in 2017.

20. Defendants also required Plaintiff, opt in Plaintiffs, and FMWA Class Members to share their tips with other non-service employees who do not customarily receive tips, including club managers, the disc jockeys, and security.

21. Plaintiff, FLSA Class Members, and Florida Class Members received tips and/or dance fees from Defendants' customers but no other form of payment from their employer.

22. The money received by the club after a shift of dance performances was not included in Defendants' gross sales receipts and was not disbursed in any way as wages to any workers.

23. Defendants illegally classified the dancers as independent contractors. However, at all times, Plaintiff, opt in Plaintiffs, and FMWA Class Members were employees of Defendants under both Federal and State Law. At all times, Defendant required Plaintiff and other exotic

dancers to perform private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendants.

24. Defendants hired/fired, issued pay, supervised, directed, disciplined, and performed all other duties generally associated with that of an employer with regard to the dancers.

25. The following non-exhaustive list of policies and procedures actually implemented further during the relevant statutory period demonstrates the dancers' status as employees:

    a. Defendants make dancers pay a house fee or "rental" fee to rent the premises and the fee increases with the time of the night;

    b. Plaintiff paid at least $100 as a "rental" or "house" fee, to dance on stage at the club every shift;

    c. Defendants unilaterally make the decision not to pay any wages to dancers;

    d. Defendants provide the dancers with music, stages, poles, and other tools to perform dances, the dancer only provides her own body;

    e. Defendants mandate that dancers pay a minimum tip out of $100 to the DJ and also pay security $30; club managers make sure the dancers tip the DJ and security;

    f. Defendants' managers monitor the tips given to dancers on stage by patrons and arbitrarily demand money if they see a dancer making money on stage;

    g. Dancers are required to be at the club for a minimum 3 nights a week, and are threatened with more house fees or termination if they do not comply;

    h. Dancers must switch out their $1 bills given to them as tips by customers for larger bills at the end of the night, and the management arbitrarily takes a percentage (usually 10%) of the tips earned by dancers when they are exchanging their money with the house;

    i. Defendants require dancers to dance on stage for a minimum number of songs in order to attract customers;

    j. Defendants control when dancers can leave once the club closes by making sure all customers have left before allowing dancers to leave;

    k.    Defendants apply fines/fees to the dancers if they fail to follow Defendants' guidelines or directions; they play favorites with the dancers and prevent those who do not follow all their rules from working;

    l.    Defendants maintain the premises – including the stager, and a state-of-the-art audio set up;

    m.    Defendants hire all employees of the club – the dancers, DJ's, bouncers, managers, and employ dozens of dancers at one time;

    n.    Defendants send texts to dancers to inform them of mandatory meetings, and Defendants actually hold mandatory meetings for dancers, usually once a month;

    o.    Defendants employ many dancers, including the named Plaintiff, for several months at least;

26. Defendants misclassified Plaintiff, FLSA Class Members, and Florida Class Members as independent contractors to avoid Defendants' obligation to pay them pursuant to the FLSA and State Law.

27. Plaintiff and the Class Members constituted the workforce without which Defendants could not perform their services.

28. Plaintiff, FLSA Class Members, and Florida Class Members are not exempt from the minimum wage and overtime requirements under the FLSA and applicable State Law.

29. Defendants' method of paying Plaintiff and Class Members in violation of the FLSA is willful and is not based on a good faith and reasonable belief that its conduct complied with the FLSA or State Labor Laws.

30. Defendants misclassified Plaintiff and Class Members with the sole intent to avoid paying them in accordance to the FLSA. There are multiple federal court opinions finding that this method of compensation is in violation of the FLSA, and therefore, Defendants' conduct is willful.

### VI.   CAUSES OF ACTION

### COUNT I: VIOLATION OF 29 U.S.C. § 206 (COLLECTIVE ACTION)

31. Plaintiff incorporate all allegations contained in the foregoing paragraphs.

32. Defendants' willful practice of failing to pay Plaintiff and FLSA Class Members at the required minimum wage rate violates the FLSA and was not based in good faith. 29 U.S.C. § 206.

33. The FLSA required that Defendant allow Plaintiff and other similarly situated exotic dancers to keep all tips and gratuities received from customers. As set forth above, Defendant failed to pay Plaintiff and other similarly situated exotic dancers at hourly rates in compliance with the FLSA Federal Minimum Wage requirements. Without legal excuse or justification, Defendant kept and/or assigned to management tips and gratuities received by Plaintiff and other exotic dancers and belonging to Plaintiff and other exotic dancers.

34. As also alleged above, Defendants' practice of collecting "rent" from the dancers also violates the law.

35. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate or the required overtime rate are applicable to the Defendants or the Plaintiff.

### COUNT II – FAIR LABOR STANDARDS ACT, 29 U.S.C. § 203 (UNLAWFUL TIP SHARING – COLLECTIVE ACTION)

36. As set forth above, Defendants' failure to allow their exotic dancers to retain all their tips by requiring them to "tip out" employees who do not customarily and regularly receive tips violates the Fair Labor Standards Act, 29 U.S.C. § 203(m). Plaintiff brings this claim on behalf of herself and all others similarly situated pursuant to 29 U.S.C. § 216(b).

### COUNT III: FAILURE TO PAY OVERTIME (COLLECTIVE ACTION)

37. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

38. This count arises from Defendants' violation of the FLSA for its failure to pay Plaintiff and FLSA Class Members overtime based on the FLSA's time and a half formula.

39. For each hour worked in excess of forty (40) each week, Plaintiff and FLSA Class Members were entitled to be paid one and one-half times their regular rates of pay. 29 U.S.C. § 207.

40. By failing to pay overtime based on that formula, Defendants have violated and continue to violate the FLSA.

41. No exemption contained in the FLSA, its implementing regulations, or recognized by any court of the United States permits an employer in Defendants' position to skirt its obligation to pay overtime to an employee situated in the position of the Plaintiff and FLSA Class Members.

42. Defendants' failure to pay overtime to Plaintiff and FLSA Class Members, in violation of the FLSA was willful and not based on a good faith belief that their conduct did not violate the FLSA.

43. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

**COUNT IV: VIOLATION OF FLORIDA MINIMUM WAGE ACT (CLASS ACTION)**

44. In addition to their FLSA claims, Plaintiffs assert claims for violations of the Florida's Constitution and Fl. Stat. §448.110. All notice prerequisites under Fl. Stat. §448.110 have been met by Plaintiff.

45. Fl. Stat. §448.110 implements Fla. Const. Art. 10 § 24 and provides a private cause of action by which an employee may recover unpaid wages, liquidated damages, attorneys' fees and costs. An employee bringing a claim under Fl. Stat. §448.110 must give the employer at least fifteen (15) days written notice of his or her intent to do so, which both Plaintiffs have done here.

46. Defendants failed to pay Plaintiffs minimum wage under Florida law and failed to pay Plaintiffs all owed wages under Florida law.

## COUNT V: UNJUST ENRICHMENT (CLASS ACTION)

47. Due to the facts as pled above, Plaintiffs have conferred a benefit upon the Defendants. The Defendants have knowledge of the benefit conferred and continues to retain that benefit undeservedly. Defendants voluntarily accepted and retained such benefit, because Plaintiffs worked for Defendants, Defendants permitted Plaintiffs to work for him and his business, and because Defendants chose to maximize his and his business's profit at the expense of Plaintiff and Class Members.

48. It would be inequitable and unjust for Defendants to continue to retain the benefit, as Plaintiffs conferred a benefit on Defendants which Defendants kept for themselves.

## VII.   COLLECTIVE AND CLASS ALLEGATIONS

**A.   FLSA Class Members**

49. Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as exotic dancers at any time during the three years prior to the commencement of this action to present.

50. Plaintiff has actual knowledge that FLSA Class Members have also been denied pay at the federally mandated minimum wage rate. That is, Plaintiff worked with other dancers who worked at the Club. As such, Plaintiff has first-hand personal knowledge of the same pay violations at the Club for other dancers. Furthermore, other exotic dancers at Defendants' establishment have shared with Plaintiff similar pay violation experiences including wage and tip confiscations, as those described in this complaint.

51. Other employees similarly situated to the Plaintiff work or have worked for Defendants' gentlemen's club business, but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty hours per workweek.  Furthermore, these same employees were denied pay at the federally mandated minimum wage rate.

52. FLSA Class Members perform or have performed the same or similar work as Plaintiff.

53. FLSA Class Members are not exempt from receiving pay at the federally mandated minimum wage rate under the FLSA.

54. As such, FLSA Class Members are similar to Plaintiff in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of minimum wage.

55. Defendants' failure to pay for hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the FLSA Class Members.

56. The experiences of Plaintiff, with respect to her pay, are typical of the experiences of the FLSA Class Members.

57. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

58. All FLSA Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

59. Although the exact amount of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all FLSA Class Members.

60. As such, Plaintiff bring their FLSA minimum wage claims as a collective action on behalf of the following class:

> **The FLSA Class Members are all of Defendants' current and former exotic dancers who worked for Defendants at any time starting three years before this lawsuit was filed up to the present.**

**B.     Rule 23 Class Action**

61. Plaintiff and the FMWA Class Members incorporate all preceding paragraphs as though fully set forth herein.

62. Defendants willfully violated Florida Statute 448.110 and refused to pay dancers

minimum wages and other owed wages (such as wages confiscated via forced tip outs, house fees, 10% charge when exchanging money.)

63. Plaintiff brings her Florida FMWA wage claims as a Rule 23 class action on behalf of the following class:

> **All of Defendants' current and former exotic dancers who worked for Defendants at any time starting five years before this lawsuit was filed up to the present.**

64. <u>Numerosity</u>.  The number of members in the Florida Class is believed to be well over forty.  This volume makes bringing the claims of each individual member of the class before this Court impracticable.  Likewise, joining each individual member of the Florida Class as a plaintiff in this action is impracticable.  Furthermore, the identity of the members of the Florida Class may be determined from Defendants' employment files, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Florida Class and Defendants.

65. <u>Typicality</u>.  Plaintiff's claims are typical of the Florida Class because like the members of the Florida Class, Plaintiff was subject to Defendants' uniform policies and practices and was compensated in the same manner as others in the Florida Class.  Defendants failed to pay non-exempt employees who worked at the club minimum wage for all of their hours worked. Plaintiff and the Florida Class have been uncompensated and/or under-compensated as a result of Defendants' common policies and practices which failed to comply with Florida law.

66. <u>Adequacy</u>.  Plaintiff is a representative party who will fairly and adequately protect the interests of the Florida Class because it is in her interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under Florida law. Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation.  Plaintiff does not have any interest which may be contrary to or in conflict with the claims of the Florida Class she seeks to represent.

67. <u>Commonality</u>.  Common issues of fact and law predominate over any individual questions in this matter.  The common issues of fact include, but are not limited to:

a. Whether Defendants failed to pay Plaintiff and Florida Class the minimum wage for all hours worked.

b. Whether Defendants failed to pay Plaintiff and Florida Class an overtime rate for all hours worked.

c. Whether Defendants took wages and tips from dancers to run their business in violation of Florida Wage Laws

68. The common issues of law include, but are not limited to:

a. Whether Defendants improperly classified Plaintiff and the Florida Class as independent contractors;

b. Whether Plaintiff and the Florida Class are entitled to compensatory damages;

c. The proper measure of damages sustained by Plaintiff and the Florida Class; and

d. Whether Defendants' actions were "willful."

69. <u>Superiority</u>.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any member of the Florida Class could afford to pursue individual litigation against a company the size of Defendants, doing so would unduly burden the court system. Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the Florida Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

70. A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Florida Class Members are promoted. Additionally, class treatment in this matter will provide for judicial consistency. The identity of members of the Florida Class is readily identifiable from Defendants' records.

71. This type of case is well-suited for class action treatment because: (1) Defendants' practices, policies, and/or procedures were uniform; (2) the burden is on the Defendants to prove

it properly compensated its employees; and (3) the burden is on the Defendants to accurately record hours worked by employees.

72. Ultimately, a class action is a superior forum to resolve the Florida claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendants to pay Plaintiff and the Florida Class according to applicable Florida laws.

73. <u>Nature of notice to be proposed</u>.  As to the Rule 23 Class, it is contemplated that notice would be issued giving putative class members an opportunity to opt out of the class if they so desire, i.e. "opt-out notice."  Notice of the pendency and resolution of the action can be provided to the Florida class by mail, electronic mail, print, broadcast, internet and/or multimedia publication.

## VIII.   DAMAGES SOUGHT

74. Plaintiff, FLSA Class Members, and Florida Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the mandated minimum wage rate under state law and federal law.

75. Plaintiff, FLSA Class Members, and Florida Class Members are entitled to recover compensation for the hours they worked over forty in a workweek for which they were not paid at the mandated overtime wage rate under federal law.

76. Plaintiff, FLSA Class Members, and Florida Class Members are also entitled to recover all of the money Defendants misappropriated, such as house fees, forced tips, and wages taken after their performances.

77. An award of statutory liquidated damages in amounts prescribed by the FMWA and the FLSA.

78. Prejudgment and post-judgment interest on unpaid back wages pursuant to the FLSA;

79. An award of attorneys' fees and costs under the FLSA and the FMWA.

## PRAYER FOR RELIEF

For these reasons, Plaintiff, FLSA Class Members, and Florida Class Members respectfully request that judgment be entered in their favor awarding the damages requested above. Plaintiff

also requests for such other and further relief to which Plaintiff and Class Members may be entitled, at law or in equity.

      Respectfully submitted,

      SCOTT WAGNER & ASSOCIATES, P.A.
      Jupiter Gardens
      250 South Central Boulevard
      Suite 104-A
      Jupiter, FL 33458
      Telephone: (561) 653-0008
      Facsimile: (561) 653-0020

      <u>s/Cathleen Scott</u>
      Cathleen Scott, Esq.
      Florida Bar Number 135331
      Primary e-mail: CScott@scottwagnerlaw.com
      Secondary e-mail: mail@scottwagnerlaw.com
      Secondary Address: 101 Northpoint Parkway
      West Palm Beach, FL 33407
      www.ScottWagnerLaw.com

      LOCAL COUNSEL

      KENNEDY HODGES, L.L.P.

      By:  /s/ Gabriel A. Assaad
      Gabriel A. Assaad
      gassaad@kennedyhodges.com
      Texas State Bar No. 24076189
      4409 Montrose Blvd., Suite 200
      Houston, TX 77006
      Telephone: (713) 523-0001
      Facsimile: (713) 523-1116

      LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS