**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-cv-23737-BLOOM/Louis**

ADIA SIMMONS, *on behalf of herself*
*and all other similarly situated individuals*,

      Plaintiff,

v.

TWIN 918 INC., EXECUTIVE MANAGEMENT
& CONSULTANTS INTERNATIONAL, LLC,
and AKINYELE ADAMS,

      Defendants.

_____/

## ORDER ON MOTION FOR FINAL DEFAULT JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff Adia Simmons's ("Plaintiff") Motion for Final Default Judgment, ECF No. [26] ("Motion"), filed pursuant to Federal Rule of Civil Procedure 55(b)(2) against Defendant Executive Management & Consultants International, LLC ("Defendant").[1] A clerk's default was entered against Defendant on November 20, 2019, ECF No. [20], because Defendant failed to answer or otherwise plead to the complaint, despite having been properly served. *See* ECF No. [11]. The Court has carefully considered the Motion, the record in this case and the applicable law, and is otherwise fully advised. For the following reasons, Plaintiff's Motion is granted in part.

### I.     BACKGROUND

Plaintiff initiated this action on September 9, 2019, asserting claims for violations of the Fair Labor Standards Act, 29 U.S.C. § 216, *et seq.* ("FLSA"), the Florida Minimum Wage Act,

---

[1] The Court previously dismissed this case against Defendants Twin 918 Inc. and Akinyele Adams for failure to timely serve. ECF No. [25].

and unjust enrichment. ECF No. [1] ("Complaint"). According to the Complaint, Plaintiff was employed as an exotic dancer at Defendant's adult entertainment club, VLive Miami, from January, 2016 until December, 2017. *Id*. ¶ 24, 26, 28. Plaintiff worked between seven and ten hours per shift during her employment. *Id.* ¶ 29. She never received any wages during her employment. *Id.* ¶¶ 30-31.

Plaintiff regularly worked over forty hours in a work week and was not paid the federally mandated minimum wage. *Id.* ¶ 32. In addition, Defendants charged Plaintiff a "rental fee" per shift worked, and required Plaintiff to share tips with other non-service employees who do not customarily receive tips. ¶¶ 19-20. Plaintiff received tips and/or dance fees from Defendants' customers, but no other form of payment from their employer. *Id.* ¶ 21. Defendants illegally classified dancers as independent contractors, when Plaintiff was an employee. *Id*. ¶ 23. Defendant required Plaintiff and all exotic dancers to perform private and semi-private dances under pricing guidelines, policies, procedures, and promotions set exclusively by Defendants. *Id.*

In the Motion, Plaintiff seeks the entry of final default judgment against Defendant on her claims.

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. This Circuit maintains a "strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Nonetheless, default judgment is entirely appropriate and within the district court's sound discretion to render where the defendant has failed to defend or otherwise engage in the proceedings. *See, e.g.*, *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 910 (11th Cir. 2011); *Dawkins v. Glover*, 308 F. App'x 394, 395 (11th Cir. 2009); *In re Knight*, 833 F.2d 1515, 1516 (11th Cir.

1987); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.*, 510 F. Supp. 2d 1110, 1113 (S.D. Fla. 2007); *see also Owens v. Benton*, 190 F. App'x 762 (11th Cir. 2006) (default judgment within district court's direction).

A defendant's "failure to appear and the Clerk's subsequent entry of default against him do[es] not automatically entitle Plaintiff to a default judgment." *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1083 (S.D. Ala. 2007). Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004), but instead acts as an admission by the defaulted defendant as to the well-pleaded allegations of fact in the complaint. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (citations omitted); *Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). Therefore, before granting default judgment, "the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

### III.    DISCUSSION

Upon a review of Plaintiff's submissions, the Court finds a sufficient basis in the Complaint to enter default judgment in Plaintiff's favor. Because Defendant has not appeared, "all of Plaintiff's well-pled allegations in the Complaint are deemed admitted." *Ordonez v. Icon Sky Holdings LLC*, No. 10-60156-CIV, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)). Having reviewed the Complaint, the Court finds Plaintiff's allegations well-pled, and sufficient to establish Defendant's liability. By default, Defendant has admitted the truth of the allegations, and accordingly, the Court finds that Plaintiff has established its claims against Defendant.

"If the admitted facts in the Complaint establish liability, then the Court must determine appropriate damages." *Ordonez*, 2011 WL 3843890, at *5. "Where all the essential evidence is on record, an evidentiary hearing on damages is not required." *Id.* (citing *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . We have held that no such hearing is required where all essential evidence is already of record." (citations omitted)). Plaintiff seeks damages in the amount of $318,254.00, including $33,486.00 in unpaid wages, $5,581.00 in unpaid overtime, $120,060.00 in house fines, fees, and tip outs wrongfully retained by Defendant, and an equal additional amount of liquidated damages in the amount of $159,127.00. ECF No. [26-2]; *see also* ECF No. [8]. In support of the claim, Plaintiff submits her own affidavit. *Id.* Accordingly, under the facts of this case and in light of the evidence contained in the record, the Court finds that a hearing on damages is unnecessary and the requested amount of damages is justified.

In addition to damages, Plaintiff also requests attorney's fees in the amount of $12,855.00 and reimbursement of costs in the amount of $1,148.62. The FLSA provides that "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable

attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In *Norman,* the Eleventh Circuit provided the framework within which courts may analyze the reasonableness of an award of attorney's fees. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1292 (11th Cir. 1988) ("For decades the law in this circuit has been that [t]he court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees . . . .").

First, a district court must determine the lodestar figure by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Id.* at 1299; *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonable expended on the ligation multiplied by a reasonable hourly rate."); *Cuban Museum of Arts & Culture, Inc. v. City of Miami,* 771 F. Supp. 1190, 1191 (S.D. Fla. 1991) ("[T]his court must begin by calculating the lodestar, the hours reasonably expended by counsel multiplied by a reasonable hourly rate."). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services, by lawyers of reasonable comparable skills, experience, and reputation." *Norman,* 836 F.2d at 1299. The relevant legal community is "the place where the case is filed." *ACLU v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quotations and citation omitted). The movant "bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates," and "[s]atisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." *Norman*, 836 F.2d at 1299.

Plaintiff seeks an award of fees for 45.66 hours expended by three attorneys—David Hodges ($600.00 per hour), Ved Chitale ($300.00 per hour), and Carl Fitz ($300.00 per hour)— one paralegal, Erica George ($175.00 per hour), and Plaintiff's counsel's firm's business manager, Gary Wohn ($225.00 per hour). In support of the requested hours and rates, Plaintiff has submitted the affidavit and curriculum vitae of Mr. Hodges, and billing records for this case. ECF No. [26-

3]. However, Plaintiff has provided no supporting evidence that the rate requested for Mr. Hodges is reasonable for the Miami legal market, and has provided no evidence regarding the experience or expertise of attorneys Chitale or Fitz or paralegal George, such that the Court can determine that the rates requested for them is reasonable.

As such, the Court finds that a reduction of counsel's rates is appropriate for several reasons. First, Local Rule 7.3(a)(5)(A) requires that a motion for attorney's fees and costs provide "the identity, experience, and qualifications for each timekeeper for whom fees are sought." S.D. Fla. L.R. 7.3(a)(5)(A). Plaintiff has failed to comply with this requirement.

Second, Plaintiff has failed to meet her burden to produce "satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman*, 836 F.2d at 1299; *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354 (11th Cir. 2000) ("Establishing a claimed market rate is the plaintiff's burden."); *Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc.*, 697 F. Supp. 2d 1349, 1364 (S.D. Fla. 2010) ("It is well settled that a fee applicant's failure to provide evidence supporting the requested rates is sufficient justification for reducing the requested fee award."). "Typically, a fee applicant provides an expert affidavit to support the reasonableness of the hourly rates sought." *Tiara Condo. Ass'n*, 697 F. Supp. 2d at 1363. Plaintiff, however, submitted only Mr. Hodges's affidavit to support the claimed fees, and provides no evidence that the claimed hourly rates ($600.00, $300.00, and $175.00) are consistent with the rates charged by attorneys with similar experience and skill in this District, or that the attorneys have been awarded these rates in other FLSA cases. As such, Plaintiff fails to satisfy her burden. *See Norman*, 836 F.2d at 1299 ("Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work.").

The Court is "deemed an expert on the issue of hourly rates in this community and may properly consider 'its own knowledge and experience concerning reasonable and proper fees and

may form an independent judgment either with or without the aid of witnesses as to value.'" *Fiedler v. Anglin's Beach Café, LLC*, No. 15-60989, 2017 WL 1278632, at *1 (S.D. Fla. April 3, 2017) (quoting *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). Accordingly, the undersigned concludes that $450.00 is a reasonable hourly rate for the work performed by attorney Hodges, $250.00 is a reasonable hourly rate for the work performed by attorneys Chitale and Fitz, and $125.00 is a reasonable hourly rate for the work performed by paralegal George. Furthermore, the Court determines that Plaintiff is not entitled to recover for any of the tasks billed by non-attorney business manager Wohn, or for timekeeper Tina Gutierrez, for whom Plaintiff has provided no information whatsoever.

After calculating the lodestar fee, the court may then proceed with an analysis of whether to adjust the amount upwards or downwards. In making this determination, the court may depend upon a number of factors, including the quality of the results, representation in the litigation, excessive, redundant, or otherwise unnecessary hours. *Norman*, 836 F.2d at 1302. "If the result was excellent, then the court should compensate for all hours reasonably expended." *Id.* (quoting *Popham v. City of Kennesaw*, 820 F.2d 1570, 1580 (11th Cir. 1987). But, "[i]f the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive." *Id.* (quoting *Hensley*, 461 U.S. at 436-37). Further, where a court finds the number of hours claimed by counsel is unreasonably high, the court may conduct an hour-by-hour analysis or reduce the requested hours with an across-the-board cut, but not both. *Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

Plaintiff requests fees for a total of 45.66 hours. The Court has reviewed counsel's billing records and finds that adjustment is necessary to account for various billing inefficiencies. First, the Court finds that many entries are so vague as to impede meaningful review by this Court. For example, there are various entries lacking in sufficient detail, such as "Misc. tasks." Second, there

are multiple entries lumping together multiple tasks into one billing entry, known as block-billing, making it unclear to which tasks certain entries properly relate. "A court may deduct hours from the time billed if it finds that the billing entries are either unacceptably vague or so heavily redacted that it cannot discern the legal services provided." *Meyrowitz v. Brendel*, No. 16-81793-CV-MARRA/MATTHEWMAN, 2018 WL 4440492, at *6 (S.D. Fla. Sept. 17, 2018) (citing *Tiara Condo. Ass'n*, 697 F. Supp. 2d at 1367); *see also Bujanowski v. Kocontes*, No. 8:08-CV-0390-T-33EAJ, 2009 WL 1564263, at *2 (M.D. Fla. Feb. 2, 2009) (noting that a time entry may be discounted where the description of the work performed is overly vague).

Third, a deduction is warranted to account for time spent in the performance of non-legal administrative and clerical tasks. *Oreilly v. Art of Freedom Inc.*, No. 17-CV-21251, 2018 WL 6616445, at *4 (S.D. Fla. Dec. 14, 2018) (holding that "fees incurred in commission of non-legal or administrative tasks are not compensable."). The billing records contain multiple entries reflecting clerical and administrative tasks, such as paying invoices, downloading and uploading documents, and calendaring deadlines. Rather than conducting an hour-by-hour analysis of counsel's time entries, the Court will apply an across-the-board 15% reduction to the total hours incurred to account for counsel's vague time entries and inappropriate billing. *See, e.g., Shipping and Transit, LLC v. 1A Auto, Inc.*, 283 F. Supp. 3d 1290 (S.D. Fla. 2017) (adopting recommendation for a 15% reduction in fees based on billing inefficiencies); *Rubenstein v. The Florida Bar*, No. 14-CV-20786, 2015 WL 1470633, at *4-6 (S.D. Fla. Mar. 31, 2015) (recommending a 30% reduction to counsel's hours for use of block billing), *report and recommendation adopted*, 2015 WL 11216722, at *1 (S.D. Fla. Apr. 22, 2015); *see also Bivins*, 548 F.3d at 1350 (noting that when the number of hours claimed is unreasonably high, a court may conduct an hour-by-hour analysis or may reduce the requested hours with an across-the-board cut). Accordingly, the Court will award fees as set forth in the table below:

| Timekeeper | Reduced Rate | Hours | Hours Reduced by 15% | Fees |
|---|---|---|---|---|
| David Hodges | $450.00 | 1.1 | 0.94 | $423.00 |
| Ved Chitale | $250.00 | 26.1 | 22.19 | $5,547.50 |
| Carl Fitz | $250.00 | 6.6 | 5.61 | $1,402.50 |
| Erica George | $125.00 | 8.9 | 7.57 | $946.25 |
| **TOTALS** | | **42.7** | **36.31** | **$8,319.25** |

Plaintiff also requests reimbursement of $1,148.62 in costs. Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A prevailing party is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001); *see Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop.*, 298 F.3d 1238, 1248 (11th Cir. 2002). A prevailing party is "entitled to receive all costs that are recoverable under 28 U.S.C. § 1920." *Bryant v. Cab Asset Mgmt., LLC*, No. 10-61514-CIV, 2011 WL 1331267, at *3 (S.D. Fla. Apr. 6, 2011), *report and recommendation adopted by*, 2011 WL 1598732, at *1 (S.D. Fla. Apr. 27, 2011). "Such costs, however, may not exceed those permitted." *Mathews v. Crosby*, 480 F.3d 1265, 1277 (11th Cir. 2007) (citing *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002)); *see Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

Under 28 U.S.C. § 1920, the Court may tax as costs the following:

(1)      Fees of the clerk and marshal;

(2)      Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)      Fees and disbursements for printing and witnesses;

(4)      Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)      Docket fees under section 1923 of this title;

(6)      Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. "The party seeking costs must not only show that the costs claimed are recoverable but must also provide sufficient detail and sufficient documentation regarding those costs in order to permit challenges by opposing counsel and meaningful review by the Court." *Doria v. Class Action Servs., LLC*, 261 F.R.D. 678, 685 (S.D. Fla. 2009) (citation omitted).

Plaintiff seeks to recover the following as costs: filing fees ($450.00), *pro hac vice* fees ($225.00), Certificate of Good Standing ($4.75), service of process ($369.68), mailing ($44.10), "admin" ($50.00), and PACER fees ($5.09). However, Plaintiff has submitted no materials in support of her request for reimbursement, such that the Court may determine that the requested costs are indeed permissible. *See* S.D. Fla. L.R. 7.3(c) ("The bill of costs shall attach copies of any documentation showing the amount of costs and shall be supported by a memorandum not exceeding (10) pages."). Accordingly, the Court finds that Plaintiff is only entitled to recover as costs the filing fees and service of process fees incurred in this case, for a total of $819.68. *See Goodman v. Sperduti Enterps., Inc.*, No. 08-62096-CIV, 2009 WL 3200681, at *3 (S.D. Fla. Oct. 6, 2009) ("There is no question that Plaintiff is entitled to the cost of the filing fee because it falls into one of the categories of reimbursable costs under 28 U.S.C. § 1920 . . . ."); *EEOC v. W&O, Inc.,* 213 F.3d 600, 623 (11th Cir. 2000) (concluding that private process servers may be taxed pursuant to 28 U.S.C. § 1920(1) which permits taxation of "[f]ees of the clerk and marshal").

## IV.    CONCLUSION

Accordingly, Plaintiff's Motion, **ECF No. [26]**, is **GRANTED IN PART AND DENIED IN PART** as set forth in this Order. Pursuant to Rule 58(a), Fed. R. Civ. P., the Court will enter a Final Default Judgment in favor of Plaintiff and against Defendant by separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 26, 2019.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Executive Management & Consultants International, LLC
c/o Registered Agent: John Holder
777 NW 51st Street
Suite 116
Boca Raton, FL 33431

Executive Management & Consultants International, LLC
Registered Agent: John Holder
455 NE 5th Ave, #427
Delray Beach, FL 33483